UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHANNA BROWN,<br><br>    Plaintiff,<br><br>    v.<br><br>FPI MANAGEMENT, INC. and KENNEDY-WILSON, INC.,<br><br>    Defendants. | Case No.: C-11-05414-YGR<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS WITH LEAVE TO AMEND** |

Plaintiff Ashanna Brown brings this employment discrimination and retaliation action against Defendants FPI Management, Inc. ("FPI") and Kennedy-Wilson, Inc. ("Kennedy-Wilson") (collectively, "Defendants"). Plaintiff alleges five "causes of action" of race discrimination under Title VII and FEHA, and sex/gender discrimination and retaliation under FEHA.

Defendants filed separate Motions to Dismiss Plaintiff's Complaint on the ground that Plaintiff has failed to state any claim under Federal Rule of Civil Procedure 12(b)(6) for any of the five claims alleged. Dkt. Nos. 8 ("FPI Mot.") & 9 ("Kennedy-Wilson Mot.").

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby GRANTS IN PART and DENIES IN PART the Motions to Dismiss with leave to amend.[1]

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that these motions, which have been noticed for hearing on February 28, 2012, are appropriate for decision without oral argument. Accordingly, the Court VACATES the hearing set for February 28, 2012.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff commenced her action on November 8, 2011. Dkt. No. 1 ("Compl."). Plaintiff is an African-American female currently employed by Defendants as a Community Director. Compl. ¶ 5. Kennedy-Wilson is a corporation with a division that invests in multi-family properties throughout the country; it contracts with FPI to operate and manage its residential properties. Kennedy-Wilson Mot. at 3; *see* Compl. ¶¶ 10–14. Plaintiff has a long history with FPI, including twice resigning and being re-hired thereafter. She first began working for FPI in January 2000, resigned in 2001 to move to Los Angeles, and was re-hired in late 2003 as an Assistant Community Director. Compl. ¶¶ 10–11. Plaintiff received two promotions in 2004, each to a Community Director position for a larger property than she had previously managed. *Id.* ¶¶ 11–12. In 2006, Plaintiff was transferred to manage a larger property in Martinez, California, but resigned five months later to take a Regional Manager position with another company. *Id.* ¶ 13. In September 2007, she was re-hired by Defendants to manage a property in Vallejo, California (where she had managed properties in the past). *Id.* ¶ 14. During the recruiting process, Plaintiff told the Director of Employment that she was interested in a Regional Manager position and requested that she be told when one became available. *Id.* According to Plaintiff, she was told that "the prior three managers of this property (Mindy Crandall, Sarah Nelson, and Vanessa Dern) were all promoted to Regional Managers within 7 months, and that the property as a Kennedy-Wilson property, approved of promotions from within the company's portfolio of properties." *Id.*

Plaintiff alleges that throughout her employment, she received "positive performance reviews, has been offered to become a corporate trainer, [and] has been asked to train new hires, new managers, and employees." *Id.* ¶ 17. There are three specific instances where Plaintiff alleges she should have been allowed to interview for a promotion. Plaintiff alleges that in 2009, a Kennedy-Wilson Regional Manager position became available but that "rather than allow [her] to interview or apply for the position, [Defendants] promoted [her] non-African-American male counterpart, James Hites." *Id.* ¶ 15; *see id.* ¶ 21. In mid-2010, another position became available but rather than allowing Plaintiff to interview or apply, Defendants promoted her "non-African-American counterpart, Rosa Chong to the position." *Id.* ¶ 16. In April or May 2011, she "again expressed her

interest in advancement opportunities" with the companies and "began corresponding with her hiring manager via email in an attempt to obtain an interview," having been "highly recommended by her supervisor." *Id.* ¶ 18. She alleges that the hiring manager scheduled her for an interview, but that it was almost immediately postponed and never rescheduled. *Id.* Thereafter, "Plaintiff's less-qualified non-African American counterpart was hired instead of [her]. Adding insult to injury, Defendants required Plaintiff to train the less-qualified person who was promoted over [her]." *Id.*

Plaintiff alleges that she "complained to her supervisor" regarding her cancelled interview and not receiving the opportunity for advancement that others had. *Id.* ¶ 19. Her supervisor allegedly told her that while "she was not passed over because of her race, . . . he could see how Plaintiff could feel that way since no African-Americans were being allowed to interview for the Regional Manager Positions." *Id.* Based on the above instances, Plaintiff alleges, upon information and belief, that Defendants maintain a systematic pattern and practice of racial and gender discrimination in opportunities for advancement to the Regional Manager position to "keep African-Americans in lower-level positions as the African-American face of properties marketed to African-Americans." *Id.* ¶ 20. As to FPI, Plaintiff alleges it has had this practice since at least 2005 and that the race and gender discrimination extended to its practices regarding assignment of "Community Director and other positions, relocation requirements, and compensation, [and] treating males and non-African-Americans more favorably than African-American females." *Id.* ¶¶ 22–23.

On or about August 19, 2011, Plaintiff made a formal complaint to FPI and was "almost immediately . . . warned to 'mind her P's and Q's' or words to that effect." *Id.* ¶ 24. She was "questioned on petty cash disbursements requested by [her] supervisor, all as increased scrutiny and in retaliation for having made a complaint of discrimination." *Id.* On or about August 26, 2011, she filed a complaint of discrimination under FEHA with the DFEH, and was issued a right to sue notice for discrimination and retaliation. *Id.* ¶ 25.

Plaintiff alleges race discrimination under FEHA in her first claim; her fourth and fifth claims arise under 42 U.S.C sections 1981 and 2000 *et seq.*, respectively. She alleges both intentional discrimination and that Defendants' practices have a disparate impact on her. *Id.* ¶¶ 31 & 34. Her second claim for sex/gender discrimination under FEHA is based on intentional discrimination by

3

Defendants. *Id.* ¶ 47. Plaintiff's third claim for retaliation is premised on Defendants' retaliatory actions in response to her repeated protests of their unlawful discriminatory practices in violation of FEHA. *Id.* ¶ 54.

In their Motions to Dismiss (filed by FPI on December 14, 2011 and by Kennedy-Wilson on December 20, 2011), Defendants argue that the Complaint, in its entirety, fails to state any claim for discrimination or retaliation under Federal Rule of Civil Procedure 12(b)(6) and the *Iqbal* and *Twombly* cases. FPI Mot. at 4–12; Kennedy-Wilson Mot. at 3–7. Defendants both contend that the allegations are conclusory such that the Court cannot take them as true for the purposes of the Motions, and that even if the Court does assume their truth, the Complaint does not plausibly state any claim for relief.

Plaintiff filed her oppositions to FPI's Motion on December 28, 2011 and to Kennedy-Wilson's Motion on January 3, 2012. Dkt. Nos. 10 ("Opp. to FPI Mot.") & 11 ("Opp. to Kennedy-Wilson Mot."). FPI and Kennedy-Wilson filed their replies on January 4, 2012 and January 13, 2012. Dkt. Nos. 12 ("FPI Reply") & 13 ("Kennedy-Wilson Reply").

## II. DISCUSSION
### A. Legal Standard on Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss based on Rule 12(b)(6) challenges the legal sufficiency of the claims alleged. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). The court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, the allegations must consist of "more than labels and conclusions, and a formulaic recitation of the elements will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level."). In considering a motion to dismiss, the court can begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the presumption of truth; when there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.* at 1949.  When plaintiff and defendant advance two plausible alternative explanations, plaintiff's complaint survives the Rule 12(b)(6) motion to dismiss.  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (a court may dismiss only when defendant's plausible explanation is so convincing that plaintiff's explanation is implausible).

### B. Plaintiff Sufficiently Alleges Claims for Intentional Discrimination Based on Race, But Fails to State Claims for Disparate Impact.

The parties do not dispute that the basic elements for a claim of discrimination under FEHA and Title VII are that the plaintiff: (1) belongs to a protected class; (2) performed his or her job satisfactorily; (3) suffered an adverse employment action because of race; and (4) plaintiff's employer treated plaintiff differently than a similarly situated employee who does not belong to the same protected class as plaintiff.  *Cornwell v. Electra Central Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006); FPI Mot. at 8; Opp. to FPI Mot. at 3–4;  FPI Reply at 2; Kennedy-Wilson Mot. at 5.

To the extent that Plaintiff alleges a claim for intentional race discrimination, the Court finds that Plaintiff has alleged a claim for relief that is plausible on its face.  While the allegations are not extremely detailed, they are not so conclusory that the Court cannot assume their veracity.  *Twombly*, 550 U.S. at 570 (a "heightened fact pleading of specifics" is not required, "but only enough facts to state a claim to relief that is plausible on its face").  While "an employment discrimination plaintiff need not plead a prima facie case of discrimination . . . to survive [a] motion to dismiss," the Court will take each element in turn in determining whether Plaintiff has stated a plausible claim for relief.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515, 122 S. Ct. 992 (2002).

First, Plaintiff has alleged that she is a member of a protected class.  Compl. ¶¶ 5 & 30.  Second, she alleged that she performed her job satisfactorily, received positive performance reviews, and was asked by Defendants to help train other employees.  *Id.* ¶ 17.  As to the promotion opportunity that Plaintiff did not receive in April or May 2011, she alleges that someone "less-qualified" was promoted.  *Id.* ¶ 18.  Third, as to whether she suffered an adverse employment action *because of* her race, Plaintiff alleges that she has been denied opportunities to apply for promotions and kept in less desirable properties at lower pay because of Defendants' pattern and practice of keeping African-Americans "in lower-level positions as the African-American face of properties

5

marketed to African-Americans." *Id.* ¶¶ 20 & 34. "[A]dverse treatment that is reasonably likely to impair a reasonable employee's job performance or prospects for advancement or promotion falls within the reach of [FEHA]." *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1054–55 (2005). Fourth, Plaintiff has alleged that non-African American counterparts have been provided promotional opportunities, interviews, and more desirable and lucrative assignments than she has. Compl. ¶ 34. The Court finds that based on these allegations, Plaintiff has alleged plausible claims for relief for intentional race discrimination under Title VII[2] and FEHA in the first, fourth, and fifth claims and **DENIES THE MOTIONS TO DISMISS** as to those claims.

By contrast, Plaintiff has stated nothing more than a conclusion with respect to her claim for race discrimination based on disparate impact. *See* Compl. ¶ 31 ("Defendant's policies and practices have a disparate impact on Plaintiff."). The essence of such a claim is that "regardless of motive, a *facially neutral* employer practice or policy, bearing no manifest relationship to job requirements, *in fact* had a disproportionate adverse effect on members of the protected class." *Guz v. Bechtel National, Inc.*, 24 Cal. 4th 317, 354, n. 20 (2000); *Hemmings v. Tidyman's Inc.*, 285 F.3d 1174, 1190 (9th Cir. 2002) (a prima facie element of disparate impact under Title VII is that plaintiffs must "show a significant disparate impact on a protected class or group"). Plaintiff's race discrimination claims are ones of targeted discrimination, not a facially neutral practice that is disproportionately affecting her. Moreover, Plaintiff fails to do anything more than speculate regarding the effect of Defendants' practices on other African-American employees—*i.e.*, she has not alleged any facts regarding how it affects other members of the protected class. She merely states that it does. Accordingly, the Court **GRANTS THE MOTIONS TO DISMISS** Plaintiff's first, fourth, and fifth claims for race discrimination to the extent they are based on disparate impact.[3] Because the Court cannot determine at this juncture

---

[2] FPI contends that the claim under 42 U.S.C. section 1981 fails because Plaintiff does not allege any impaired contractual relationship or underlying facts to support an inference of intentional racial discrimination. FPI Mot. at 12. However, at-will employment can serve as the predicate contract for a discrimination claim under section 1981. *Skinner v. Maritz, Inc.*, 253 F.3d 337, 340 (8th Cir. 2001); *Lauture v. Int'l Business Machines Corp.*, 216 F.3d 258, 262–63 (2d Cir. 2000). The same set of facts can give rise to claims in a Title VII disparate treatment case and for liability under section 1981. *Fonseca v. Sysco Food Services of Arizona, Inc.*, 374 F.3d 840, 850 (9th Cir. 2004).

[3] The Court advises that Plaintiff correct the allegations in the fourth and fifth claims that refer to Plaintiff as a "he" and to "Defendant FEDEX." *See* Compl. ¶¶ 62, 64, 69 & 71.

whether Plaintiff can plead additional factual allegations to support a disparate impact claim, **leave to amend is granted.**

### C. Plaintiff Fails to State a Claim for Sex/Gender Discrimination.

Plaintiff has bootstrapped her sex/gender discrimination claim to her race discrimination claim, providing no additional facts showing that discrimination occurred *because of* her sex/gender. In fact, her allegations indicate the opposite. Plaintiff identifies only one male employee (James Hites) who received a promotion while she was denied the opportunity to interview. Compl. ¶¶ 15 & 21. Plaintiff identifies a female as receiving a different promotion, and fails altogether to specify the gender of the third employee who received a promotion while she was kept from interviewing. *Id.* ¶¶ 16 (Rosa Chong promoted) & 18 ("Plaintiff's less-qualified African American counterpart was hired instead of Plaintiff"). Moreover, Plaintiff undercuts the plausibility of her own claim by alleging that the "prior three managers of this property (Mindy Crandall, Sarah Nelson, and Vanessa Dern) were all promoted to Regional Managers within 7 months." *Id.* ¶ 14. With only one instance where a male was promoted and no factual allegations underlying discrimination based on sex/gender, the complaint fails to state a claim upon which relief can be granted. If Plaintiff attempts to re-allege this claim, she must plead factual allegations which are not speculative or conclusory. Accordingly, as pled, the Court **GRANTS THE MOTIONS TO DISMISS WITH LEAVE TO AMEND**.

### D. Plaintiff Sufficiently Alleges a Claim for Retaliation.

To establish a claim for retaliation under FEHA, a plaintiff must show: (1) that he/she engaged in a protected activity; (2) the employer subjected the employee to an adverse employment action; and (3) a causal link existed between the protected activity and the employer's action. *Yanowitz*, 36 Cal. 4th at 1042. Retaliation claims are inherently fact specific and the impact of an employer's action must be evaluated in its context. *Id.* at 1052.

To engage in a protected activity, "an employee need not formally file a charge," but he or she "must oppose activity the employee reasonably believes constitutes unlawful discrimination." *Id.* at 1047 (no protected activity for complaints about personal grievances or vague or conclusory remarks that fail to put an employer on notice as to what conduct it should investigate). Here, Plaintiff alleges

that she complained to her supervisor, who in turn responded that "he could see how Plaintiff could feel that [she was being passed over because of race], since no African-Americans were being allowed to interview for the Regional Manager Positions." Compl. ¶ 19. She also made a formal complaint to FPI about the allegedly discriminatory practices. *Id.* ¶¶ 23–24. These explicit communications suffice as protected activities.

An adverse employment action includes not only ultimate employment actions, such as termination or demotion, but it includes "the entire spectrum of employment actions that are reasonably likely to adversely and materially affect an employee's job performance or *opportunity for advancement in his or her career*." *Yanowitz*, 36 Cal. 4th at 1054 (emphasis added). An adverse employment action must materially affect the terms, conditions, or privileges of employment. *Id.* at 1051. In the context of Plaintiff's allegations, the Court finds Plaintiff has plausibly alleged the remaining elements of retaliation.

Plaintiff has, at a minimum, alleged that her employer made an overtly negative comment to "mind her P's and Q's" in response to her formal complaint. *Id.* at ¶ 24. Further, she was "questioned on petty cash disbursements requested by [her] supervisor [] as increased scrutiny and in retaliation for" her complaint. *Id.* While these allegations could be more detailed, it is reasonable to infer that Plaintiff's integrity has been questioned regarding petty cash disbursements, which relates to her ability to perform her job and could plausibly decrease her future chances of promotion. Although FPI contends that it is "perfectly reasonable that an employer would question petty cash disbursements for a legitimate business purpose," the Court is not required to credit that proposed explanation over Plaintiff's also plausible explanation. FPI Mot. at 10–11; *Starr*, 652 F.3d at 1216 (the court may dismiss only when defendant's plausible explanation is so convincing that plaintiff's explanation is implausible). Whether Defendants had a legitimate business purpose and/or whether the petty cash issues actually affected Plaintiff's chances of promotion are issues that can be addressed in discovery. Moreover, it is reasonable to infer, based on the facts of this case, that Plaintiff continues to be deprived of the ability to advance and that it was caused, at least in part, by her complaints. *See* Compl. ¶¶ 26 & 40. Accordingly, the Court finds that Plaintiff has plausibly alleged her second claim for retaliation and **DENIES DEFENDANTS' MOTIONS** as to this claim.

8

### III. CONCLUSION

For the foregoing reasons:

(1) Defendants' Motions to Dismiss the first, fourth, and fifth claims for race discrimination are **GRANTED IN PART** and **DENIED IN PART**. Specifically, the Court **DENIES** the Motions as to claims for intentional discrimination based on race, and **DISMISSES WITH LEAVE TO AMEND** the claims for disparate impact.

(2) Defendants' Motions to Dismiss the second claim for sex/gender discrimination are **GRANTED** and the claim is **DISMISSED WITH LEAVE TO AMEND**.

(3) Defendants' Motions to Dismiss the third claim for retaliation are **DENIED**.

Plaintiff has **fourteen (14) days** from the date of this Order to file an amended complaint consistent with this Order. This Order terminates Dkt. Nos. 8 & 9.

Thereafter, each defendant has **fourteen (14) days** from the date of service of an amended complaint to respond.

**IT IS SO ORDERED.**

Dated: February 27, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**