UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHANNA BROWN,<br><br>      Plaintiff,<br><br>   v.<br><br>FPI MANAGEMENT, INC. and KENNEDY-WILSON, INC.,<br><br>      Defendants. | Case No.: C-11-05414-YGR<br><br>**ORDER REGARDING JOINT DISCOVERY LETTER BRIEF (DKT. NO. 48)** |

The Court has received the parties' Joint Discovery Letter Brief concerning the entry of a protective order in this action. (Dkt. No. 48.) Defendant FPI Management, Inc. ("FPI") requests that the protective order must include an "Attorneys Eyes Only" provision to protect the privacy interests of current and former employees who are not parties to this action. FPI identifies employees' financial information and employment history, including salary, promotion history, and disciplinary records, as being sought by Plaintiff in discovery. Plaintiff objects to an "Attorneys Eyes Only" provision and requests that the Northern District's model Protective Order for Standard Litigation be entered in this action. Defendant Kennedy Wilson, Inc. ("Kennedy-Wilson") will sign either version of a protective order.

Having reviewed the Discovery Letter Brief and the positions of the parties, the Court **DENIES** FPI's request for an "Attorneys Eyes Only" provision in the protective order. However, the Court agrees that Plaintiff's requests implicate the privacy interests of third-party employees. FPI and Kennedy-Wilson may take reasonable measures to protect the names and identities of employees whose information is produced to Plaintiff, as was done in Exhibit C (attached to the Discovery Letter Brief). If Plaintiff requires additional information to identify specific employees, counsel may utilize the discovery dispute process set forth in the Court's Standing Order. Counsel is advised, however,

that the Court's discovery dispute process contemplates the filing of a joint letter brief that concisely summarizes all remaining issues after the parties have met and conferred *in person*. Parties are not permitted to file multiple joint letters to circumvent the page limits.

The parties shall meet and confer to finalize a protective order in accordance with this Order and shall submit it to the Court for approval. The proposed protective order shall reflect the Court's discovery dispute process as set forth in its Standing Order.

This Order terminates Dkt. No. 48.

**IT IS SO ORDERED.**

Dated: November 26, 2012

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**