United States District Court
Northern District of California

ASHANNA BROWN,

      Plaintiff,

  v.

FPI MANAGEMENT, INC. et al.,

      Defendants.

Case No.: 4:11-cv-5414 YGR (KAW)

**ORDER REGARDING DISCOVERY DISPUTE**

On December 13, 2012, the parties submitted a joint letter regarding Defendant FPI Management, Inc.'s responses to Plaintiff's Second Set of Requests for Production of Documents. The dispute was referred to the undersigned on December 31, 2012.

The document requests at issue are numbers 48, 50, 51, 54, 55, 57, 59, 60 and 61.[1] The Court addresses each of them in turn. Defendant is ordered to produce responsive documents, as explained below.

**REQUEST NO. 48 - Any and all documents relating to any and all communications sent and/or received from Kim Kisilewicz regarding Promotions and/or Transfers from Community Director to Portfolio Manager positions between January 1, 2006 to the date of this Request**.

Defendant is ordered to produce responsive documents to Request No. 48. This request is reasonably calculated to lead to the discovery of admissible evidence, because it is probative of Defendant's practices in selecting Portfolio Managers. *See McDonnell Douglas Corp. v. Green*,

---

[1] The joint letter states that the requests are attached to the letter as Exhibit A, but there is no Exhibit A to the letter on the docket. This order copies the language of the requests from the parties' joint proposed order.

411 U.S. 792 (1973) (plaintiff alleging disparate treatment must show, among other things, that similarly situated individuals outside her protected class were treated more favorably).

The Court rejects Defendant's argument that non-party employees' privacy rights outweigh Plaintiff's need for the discovery. *See Frazier v. Bed Bath & Beyond, Inc.*, 11-MC-80270 RS NC, 2011 WL 5854601 (N.D. Cal. Nov. 21, 2011) ("Resolution of a privacy objection requires courts to balance the need for the information sought against the privacy right asserted"). Defendant has not identified any specific privacy concerns, but merely states that the requested discovery "would be a violation" of the employees' privacy rights. The discovery requested is not likely to contain sensitive information such as medical records or details of the employees' personal lives. Moreover, any breach of the employees' privacy rights will be alleviated by designating the discovery "confidential" under the existing stipulated protective order.

Defendant's argument regarding burden is addressed below.

**REQUESTS NOS. 50, 51, AND 55 - Any and all DOCUMENTS RELATING TO employment applications submitted by Sara Nelson, Vanessa Dern, and Donna Williams for PROMOTION from COMMUNITY DIRECTOR to PORTFOLIO MANAGER.**

Defendant is ordered to produce responsive documents to requests 50, 51, and 55. Plaintiff clarifies in the joint letter that, in the absence of written employment applications, it seeks documents relating to the individuals' applications for the position. Defendant does not explicitly state grounds for its refusal to produce the documents, but calls them "ancillary private communications regarding qualifications of strangers to this case," which appears to be an objection on the basis of relevance. The Court finds that the documents are relevant to establish disparate treatment.

**REQUESTS NOS. 54, 57, 59, 60, 61:**
**Any and all DOCUMENTS RELATING TO any and all COMMUNICATIONS regarding** *vacancies, the creation of vacancies, or the filling of vacancies with respect to* **PORTFOLIO MANAGER positions** *in the geographic area encompassed by the Northern and Eastern Districts of California* **from January 1, 2005 to the date of this request.**

2

1  **Any and all DOCUMENTS RELATING to COMMUNICATIONS regarding interviews
2  for persons to fill PORTFOLIO MANAGER positions *in the geographic area
3  encompassed by the Northern and Eastern Districts of California* from January 1, 2007 to
4  the date of this request.**

5  **Any and all DOCUMENTS RELATING TO COMMUNICATIONS to and/or from Susan
6  Dow regarding any and all recommendations for persons to fill for COMMUNITY
7  DIRECTOR positions and/or PORTFOLIO MANAGER positions *for the year 2007*.**

8  **Any and all DOCUMENTS RELATING TO COMMUNICATIONS to and/or from Kim
9  Kisiliwecz regarding any and all recommendations for persons to fill for COMMUNITY
10 DIRECTOR positions and/or PORTFOLIO MANAGER positions *from January 1, 2005 to
11 the date of this order*.**

12 **Any and all DOCUMENTS RELATING TO PROMOTIONS from COMMUNITY
13 DIRECTOR positions to PORTFOLIO MANAGER positions from 2005 to the date of this
14 request in *the geographic area encompassed by the Northern and Eastern Districts of
15 California*.**

The Court orders Defendant to make a good faith effort to comply with these requests, as modified, in italics, above. Defendant's objection on the basis of privacy is overruled on the same grounds explained above.

Defendant also objects that the requests are unduly burdensome. To attempt to reduce the burden on Defendant while allowing Plaintiff to obtain useful information, the Court limits these requests geographically and in time. Plaintiff has been working for FPI on and off since January 2000, so producing documents from 2005 until now is reasonable.

As to the modified requests, Defendant's objection that it is unduly burdensome to produce the requested documents is overruled. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii) (court must limit discovery if "the burden or expense of the proposed discovery outweighs its likely benefit"). Nor has Defendant has met its burden under Rule 26(B)(2)(b) to show that the electronically stored information is not reasonably accessible.

Plaintiff has a need for the responsive documents in order to prove disparate treatment. Although Defendant argues that it will be required to cross-reference information from other records to find responsive emails, it has not shown that this process will be so unduly burdensome as to outweigh the benefit of the discovery to Plaintiff. Defendant argues that it will be difficult to find the documents because the terms "Community Director" and "Portfolio Manager" are commonly used in email signatures, the term "promotion" is also commonly used, and FPI's email system is not capable of conducting advanced searches. But Defendant may be able to use other search terms, or simply sort through the emails, to find the responsive documents. By interviewing its employees or by consulting its own records, Defendant ought to be able to narrow its searches by the persons involved and the approximate dates. Although Defendant may not know how to efficiently conduct a search of its email system, that does not relieve it of its discovery obligations. It may need to utilize the assistance of IT personnel or obtain a consultant to help conduct the search.

Defendant has not provided the Court with an estimate of the cost or the amount of time needed for the discovery, the declaration of an e-discovery expert, or other information that would substantiate an assertion that the documents are not reasonably accessible. Accordingly, Defendant is ordered to make a good-faith effort to produce the responsive documents.

If, after making such a good-faith effort, Defendant finds that all or some of the documents are not reasonably accessible within the meaning of Rule 26(b)(2)(B), the parties shall meet and confer in good faith to attempt to come to an agreement. If the parties are still unable to resolve the dispute, they may file another joint letter. Upon reviewing the joint letter, the Court may order, among other things: 1) that Defendant sample the emails to assess the costs and burdens of production and the likelihood of finding responsive information that will be useful to the litigation; 2) that Plaintiff be allowed to conduct discovery into the costs and burdens of producing the discovery and any assertion that useful information is not likely to be found; or 3) that Plaintiff pay part or all of the cost of the discovery. The Court may also find that Defendant has still not met its burden of showing that the documents are not reasonably accessible and order Defendant to produce all of the documents.

4

Because non-expert discovery in this case closes on January 31, 2013, the parties are ORDERED to file any further joint letter within seven days of the date of this order.

Defendants are ORDERED to produce responsive documents, as explained above, within fourteen days of the date of this order.

IT IS SO ORDERED.

**DATE: January 3, 2012**  _____
**KANDIS A. WESTMORE**
**UNITED STATES MAGISTRATE JUDGE**

5